[Civ. No. 1626. Third Appellate District.—March 22, 1917.]

EDWARD B. TAUGHER, Respondent, v. RICHMOND DREDGING COMPANY (a Corporation), et al., Appellants.

ACTION AGAINST CORPORATION AND STOCKHOLDER—LEGAL SERVICES—SEPARATE JUDGMENTS—LACK OF PREJUDICE.—In an action for legal services brought against a corporation and a stockholder who owned all of the stock but two shares, the defendants are not prejudiced by the entry of a judgment in a fixed sum against each, since a payment of the judgment by the corporation would discharge the liability of the stockholder, and the payment by the stockholder of the amount adjudged payable by him would discharge the corporation *pro tanto*.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

W. H. H. Hart, and Frank W. Hooper, for Appellants.

J. L. Taugher, for Respondent.

CHIPMAN, P. J.—The action is by the assignee of the claim of J. L. Taugher for legal and professional services as

attorney at law alleged to have been rendered and performed
at the special instance and request of defendant Richmond
Dredging Company, at divers times between May 1, 1910, and
March 8, 1912, both dates inclusive, which said services were
of the alleged value of $13,180, no part of which has been
paid.    Cutting was made a party defendant as a stockholder
in said Dredging Company.    The complaint specifies five dif-
ferent matters in which said attorney performed services of
considerable consequence to the Dredging Company.    One of
these matters related to services rendered in commencing and
conducting an action in the superior court of Contra Costa
County wherein said Dredging Company was plaintiff and
the Santa Fe Railroad Company the defendant, in which
plaintiff recovered judgment for $25,925.    Another was for
services in connection with the recovery of the possession of
the dredger "Richmond No. 1" prior to the filing of a libel
in the United States district court, in admiralty, and also for
services in said admiralty court in connection with said libel.
Other services are alleged to have been rendered for said
Dredging Company in and about two certain actions com-
menced in the superior court of the city and county of San
Francisco by the Richmond Light & Power Corporation
against said Dredging Company.    Also for services in con-
nection with a certain contract wherein the Santa Fe Rail-
road Company was party of the first part, the said Dredging
Company party of the second part, and the East Shore &
Suburban Railway Company party of the third part.

It is alleged that the capital stock of said Dredging Com-
pany was two hundred thousand dollars, divided into two
thousand shares, each of the par value of one hundred dol-
lars, and that all of said shares were subscribed, of which said
stock said Cutting was, at all times mentioned in the com-
plaint, the owner of 1,998 shares in his own right.    The plead-
ings are verified.

In their answer the defendants made certain admissions,
but denied in substance that said attorney performed the ser-
vices alleged to have been performed by him, and denied any
indebtedness to him or to plaintiff on account of any said
alleged services; denied, on information and belief, that J. L.
Taugher "ever was, or now is, a duly, or otherwise qualified,
or licensed attorney, or counselor at law, or licensed, or prac-
ticing as such, or entitled to practice at any time as such";

denied that the subscribed capital stock of said company was or now is greater in number than thirty-eight shares and alleges that Cutting "was the subscriber of one share and no more."

It is alleged as further answer in substance that Cutting engaged attorney Taugher (plaintiff's assignor) "to help him, the said Cutting, with the cases and legal affairs of him, said Cutting, and the various corporations in which he, the said Cutting, was interested," including the corporation defendant herein, and that said Taugher agreed "to do all of said Cutting's legal work and the legal work of said corporations in which said Cutting was interested, for and in consideration of said two hundred dollars per month, with the express understanding that nothing further whatever would be charged or paid except such further sums as would be satisfactory to said Taugher in the event that he (said J. L. Taugher) should succeed in winning said cases satisfactorily to said Cutting," and that said Taugher "promised to see the whole work through and get nothing over two hundred dollars per month until the work was finally finished and the money collected, and then only such further sum as would be satisfactory to said Cutting." It is further alleged "that no moneys as yet have been collected from any of the judgments, and said J. L. Taugher has not completed his said service and has not complied with or performed the terms of said contract," wherefore said Taugher is not entitled to any further compensation; that defendants have and each of them has complied with every condition of said contract on their part to be performed and that, before the assignment made to plaintiff, said J. L. Taugher "had been fully paid for all work that he had performed in the premises and for all the work mentioned and described in plaintiff's complaint herein"; that said J. L. Taugher "refused to perform further services for said defendants, or either of them, in said business, and that by reason thereof said defendants, and each of them, were not satisfied with said J. L. Taugher's services in the premises."

The court found as facts: (Finding 1) That J. L. Taugher was a duly qualified and licensed attorney practicing as such under the laws of this state; (Finding 2) that Richmond Dredging Company was at all times mentioned a duly organized corporation under the laws of California; (Findings 3, 4,

5) that the capital stock of said company is as alleged in the complaint and was all duly issued, "and at all and every of the times mentioned in plaintiff's complaint, H. C. Cutting was and now is the owner in his own right of 99.9 per centum of the whole capital stock of said company, and of the subscribed stock thereof and was the owner of 1998 of said shares." None of the foregoing findings is now challenged, although in their verified answer defendants denied that said J. L. Taugher was an attorney at law; denied that more than thirty-eight shares of the capital stock of said company had been issued and alleged that Cutting "was the owner of one share and no more." Findings 6 to 12, both inclusive, are challenged as not supported by the evidence. They may be summarized as follows: That J. L. Taugher performed services for the Dredging Company as alleged in the complaint, of the reasonable value of $4,650, no part of which has been paid, and that plaintiff is the owner of said claim by assignment to him prior to the commencement of the action; (Findings 6, 7, 8) that there is now due and owing to plaintiff for said services, from said Dredging Company, the sum of $4,650, and from said Cutting the sum of $4,645.33; (Findings 9, 10, 11.) Finding 12 is as follows: "That all the allegations of the answer of defendants are untrue, except the express admissions contained therein."

As conclusions of law the court found that plaintiff was entitled to recover from defendant Dredging Company the sum of $4,650 and costs of suit and from defendant Cutting the sum of $4,645.33 and 99.99 per centum of the costs. Judgment passed accordingly. Defendants appeal from the judgment and the order denying their motion for a new trial.

There is abundant evidence that plaintiff's assignor performed services as attorney practically as averred in the complaint, and there was ample evidence to support the findings as to the value of said services. The evidence would have justified a larger judgment. The evidence was that much important successful litigation was conducted by attorney Taugher for defendant Dredging Company, occupying substantially all his time for nearly two years.

The only questions as to which there was any serious controversy were, first, were the services rendered by attorney Taugher performed for the Richmond Dredging Company at its instance and request? Second, were these services per-

formed under the contract alleged in the answer which, in effect, was alleged to have been that Mr. Taugher ''would do all of said Cutting's legal work and the legal work of the corporations in which said Cutting was interested, for and in consideration of said two hundred dollars per month,'' and when the work was finished, ''only such further sum as would be satisfactory to said Cutting?'' Third, did Mr. Taugher fail to perform the terms of said contract? Fourth, has he been fully paid?

It appeared that Mr. Cutting was president of the Richmond Dredging Company and also president of the Point Richmond Canal & Land Company, and owned substantially all of the shares of these corporations. In the course of his testimony concerning the alleged contract he claimed to have made with Mr. Taugher, Mr. Cutting testified: ''Q. Did you at that time explain to him with reference to the different corporations that you had? A. Oh, yes. He thoroughly understood that. Q. Tell what you said to him on that subject. A. I told him all about it; I told him the whole lay-out. That the Point Richmond Land & Canal Company and the Richmond Dredging Company were practically myself; the same thing; and I explained to him the business and the construction of the whole thing. We went clear through it with long explanations.'' He testified that he had a great deal of private business outside of these corporations.

It appeared that Mr. Taugher performed services for the Richmond Land & Canal Company, and also for Mr. Cutting individually, and there was evidence that payments were made by Cutting and by the Point Richmond Canal & Land Company to Mr. Taugher, as shown by checks and receipts, amounting to $3,669.50. Defendants claim that this amount should have been deducted from the amount found by the court to be due for said services, to wit, $4,650. Mr. Taugher contended, and so testified, that these payments were made by Cutting and the Richmond Canal & Land Company for services rendered by him to them, and that he had applied the payments on account of such services, and that there remained an unpaid balance due him from Cutting and said corporation. None of these payments appeared to have been made by the Richmond Dredging Company or on account of services for that company. As to the alleged contract that attorney Taugher was to receive only two hundred dollars

per month, and such further compensation as Cutting might feel disposed to allow, the testimony of Cutting and Taugher was in sharp conflict, the latter testifying that no such contract was made. The finding of the court that defendants' claim in this respect is untrue is, under the rule, conclusive upon us. As the court found that the contract alleged by defendants was not entered into, it would follow that there was no breach of such contract by attorney Taugher.

There was no formal employment of attorney Taugher evidenced by a resolution of the directors of the Dredging Company. His employment was by Cutting on its behalf and it received the benefit of the services rendered. Cutting was for all practical purposes the corporation, and was managing its business much the same as if it were his own. We do not think the corporation can escape liability on the theory that Cutting was unauthorized to incur it. The finding of the court that the services of attorney Taugher were performed at the instance and request of the defendant company, and not under the contract alleged by defendants, finds support in the evidence.

This action was commenced March 9, 1912. After the judgment had been recovered against the Santa Fe Railroad Company in favor of the Richmond Dredging Company, and some time prior to the commencement of the present action, a disagreement arose between attorney Taugher and Cutting as to the compensation due to the former for his services, who at the time was urging further payment on account. Some of the matters in the attorney's charge had been finally disposed of, while others were yet unfinished, and an appeal by the Santa Fe Company in the dredger case was impending. It is not necessary to burden this opinion with the testimony bearing upon the merits of this dispute. It arose mainly out of Cutting's contention that Taugher was working under a contract for two hundred dollars per month, which the court found was not true. Much bitterness of feeling between the two men was engendered which resulted in the substitution by Cutting, with Taugher's consent, of another attorney to conduct the Richmond Dredger Company case for respondent on the appeal and the severing of all relations as client and attorney, followed by the present action.

We think the evidence abundantly showed that Taugher had not been paid in full for his services as is now contended

by appellant and treating the payments made, as probably the court did, as justly applicable, as far as they went toward compensating the attorney, his services were shown to be reasonably worth an additional amount quite equal to that found by the court.

Nor do we think the evidence showed that there was an agreement on Taugher's part, as is claimed, "to prosecute each of the cases mentioned in plaintiff's complaint, to a finality, which he did not do." No doubt he expected to be retained in the business to a finish, but the evidence would not have justified the court in finding that his compensation depended upon such a condition. Besides, he did not voluntarily throw up his brief, but was relieved from further responsibility in the business by Cutting himself. His action was for services rendered up to the date of his discharge which was early in March, 1912. The evidence was directed to the value of his services rendered, and the witnesses based their estimate of such value upon the successful manner in which he had conducted the business prior to his discharge.

It is claimed that the court erred in entering judgment against the Dredger Company for $4,650 and costs of suit, $56.25, and a separate judgment against defendant Cutting for $4,645.33 and $56.19 costs. There is in fact but one judgment, but inasmuch as Cutting's liability was that only of a stockholder, the amount of the judgment chargeable to him was necessarily less than that against the Dredging Company because he did not own all of its capital stock. A payment of the judgment by the Dredging Company would discharge his liability under it, and the payment by him of the amount adjudged payable by him would discharge the Dredging Company *pro tanto*. We do not see how either appellant is prejudiced by the form of the judgment.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1917.